IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:14cr107

GLENN BRIAN ZICCARDI,

Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the defendant's Motion for Bill of Particulars (Dk. No. 15.) The Court DENIES the defendant's motion because the indictment informs the defendant of the charge against him and advises the defendant specifically of his alleged criminal act.

### I. Standard of Review

On August 5, 2014, the government indicted the defendant, Glenn Brian Ziccardi, on a one count indictment for a false statement, in violation of 18 U.S.C. § 1001. The defendant was arraigned on September 8, 2014. (Dk. No. 7.)

Pursuant to Federal Rule of Criminal Procedure 7(f), the Court may direct the government to file a bill of particulars. A motion for bill of particulars is addressed to the sound discretion of the trial court and may not be used for the purpose of obtaining a detailed disclosure of the government's evidence before trial. *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965). The purpose of a bill of particulars is to inform a defendant of the charges so that he may adequately prepare a defense, avoid or minimize surprise at trial, and plead in bar of another prosecution for the same offense. *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *see United States v. Dulin*, 410 F.2d 363 (4th Cir. 1969) (noting "an accused

has no unconditional right to such a bill."*).* A bill of particulars should be required only where the charges of the indictment are so general they do not advise the defendant of the specific acts of which he is accused. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

## II. Discussion

The defendant asserts that he must be put on notice as to "how the defendant allegedly accessed the JPAS[1] system to determine whether the defendant in turn provided false information or not." (Dk. No. 15 ¶ 2.) The defendant further states the Court should grant this motion in order to allow the defendant to prepare for trial and to avert the danger of surprise at trial.

Courts ordinarily find an indictment sufficient when it follows the language of the statute. *Downing*, 348 F.2d at 599. The indictment provides the statute Ziccardi has allegedly violated. The indictment indicates that the defendant "did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of a department and agency of the executive branch of the United States government when" he made false statements in an interview with Special Agents of the Federal Bureau of Investigation. (Dk. No. 1.) The indictment informs the defendant he allegedly made this false statement when he made specific statements to the agents and the indictment specifies these statements.

The government has provided the defendant with adequate notice of the charges against him and the defendant can fully prepare for trial with reasonably diligent efforts. *United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994). The law requires no more. *Id.* The defendant

---

[1] JPAS (Joint Personnel Adjudication System) is the official personnel security clearance database management system for the Department of Defense. The system is used for recording and taking all types of personnel clearance actions. The indictment alleges Ziccardi made a false statement when he "falsely stated that: . . . (3) he never accessed JPAS . . . when in fact he did on several occasions." (Dk. No. 1.)

requests information that would force the government to disclose "the manner in which it will prove its charges or preview its evidence or legal theory." *United States v. Facciolo*, 753 F. Supp. 449, 451 (1990) *aff'd*, 968 F.2d 242 (2d Cir. 1992). The defendant has been provided with a six-page indictment for a one-count charge of providing a false statement. *See United States v. Esquivel*, 755 F. Supp. 434, 436 (D.D.C. 1990) (noting if the "indictment adequately details the charges, or the information requested is otherwise available, then no bill of particulars is required.").

At this stage of the proceedings, some discovery has taken place and an Agreed Discovery Order has been submitted to the Court. (Dk. No. 22.) A defendant is not entitled to "an unnecessary bill of particulars, where the underlying objectives of a [Rule 7] motion are fully satisfied by informal and formal discovery." *United States v. Taylor*, 2005 WL 2298170, at *4 (E.D. Va. Sept. 21, 2005); *see United States v. Soc'y of Indep. Gasoline Marketers of Am.*, 624 F.2d 461, 466 (4th Cir. 1980) (holding that the denial of a bill of particulars was not improper in light of discovery provided by the government).

### III. Conclusion

For these reasons, the Court denies the defendant's Motion for Bill of Particulars. (Dk. No. 15.)

The Court will enter the appropriate Order.

Let the Clerk send a copy of this memorandum opinion to all counsel of record.

Date: October 27, 2014

Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

3